# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.; AND THE
BANK OF NEW YORK MELLON, F/K/A
THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2006 J-8, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-J8,
Appellants,
vs.
NV EAGLES, LLC,
Respondent.

No. 81239



FILED

JUN 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a final judgment following a bench trial in a quiet title action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.[1]

The original owner of the subject property failed to make periodic payments to her homeowners' association (HOA). The HOA recorded a notice of delinquent assessment lien and later, a notice of default and election to sell, to collect on the past due assessments and other fees pursuant to NRS Chapter 116. Before the sale, appellants—holders of the first deed of trust on the property—sent a payoff request to the HOA's foreclosure agent, Nevada Association Services, Inc. (NAS), asking for the amount of the lien entitled to superpriority status and offering to pay that amount upon proof of the same. NAS responded with a ledger that did not clearly identify the superpriority amount. Appellants guessed at the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-17399

superpriority amount and sent a check to NAS with a letter indicating they intended the check to satisfy the superpriority portion of the lien. NAS returned the check to appellants because it was for an amount less than the HOA's full lien. After buying the property from the purchaser at the foreclosure sale, respondent instituted a quiet title action and the matter proceeded to a bench trial. The district court concluded that appellants' check was not effective tender because it did not pay the full amount of the superpriority portion of the lien, rejected their equitable arguments, and entered judgment in respondent's favor.

Initially, we agree with the district court's conclusion that appellants' check was insufficient to constitute a valid tender because it did not satisfy the full amount of the superpriority portion of the lien.[2] *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) ("Valid tender requires payment in full."). However, appellants also argued below that their failure to submit valid tender should be excused because any tender attempt would have been futile. In support of that argument, they presented evidence—including testimony from a NAS employee and evidence of NAS's testimony from previous cases—to show NAS had a "known business practice to systematically reject any check tendered for less than the full lien amount." *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A. (Perla Trust)*, 136 Nev. 62, 67, 458 P.3d 348, 351 (2020). Appellants also presented evidence that its counsel was aware of this policy when it remitted its check to NAS in an attempt to cure the superpriority default and preserve appellants' deed of trust. The district court, however, made no findings regarding appellants' futility argument. And the parties

---

[2]The district court found, and the parties do not dispute, that appellants' check was $54 short of the superpriority amount.

and the district court did not have the benefit of our opinion in *Perla Trust*, which addressed tender futility and evidence similar to that presented below, albeit without the failed tender. *See id.* at 67, 458 P.3d at 352. In these circumstances, we decline to consider the parties' arguments with respect to the futility issue. *See 9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 82, 459 P.3d 227, 232 (2020) ("[T]his court will not address issues that the district court did not directly resolve."). Instead, we vacate the district court's judgment and remand for the district court to consider the tender futility argument in light of *Perla Trust*.[3]

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:　Chief Judge, Eighth Judicial District Court
　　Department 32, Eighth Judicial District Court
　　Kristine M. Kuzemka, Settlement Judge
　　Akerman LLP/Las Vegas
　　Hong & Hong
　　Eighth District Court Clerk

---

[3]We reject appellants' argument that the foreclosure sale should be set aside on equitable grounds because the district court did not abuse its discretion denying relief on this basis. *See Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 135 Nev. 48, 55, 437 P.3d 154, 160 (2019) (reviewing a district court's decision whether to set aside a foreclosure sale on equitable grounds for an abuse of discretion).